IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **GRANGE INSURANCE COMPANY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**MARK MARTIN**, *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:23-cv-00145-TES** |

**ORDER**

The United States Court of Appeals for the Eleventh Circuit remanded this case "for the limited purpose of determining the parties' citizenships and whether diversity jurisdiction existed when this action was filed." [Doc. 41, p. 4]; *see* 28 U.S.C. § 1332(a). The Court directed the parties to submit declarations establishing each party's citizenship, and the parties complied. [Doc. 42].

Having reviewed the pleadings and the documents provided by the parties,[1] the Court makes the following findings:

(1) Amount in Controversy: In its Complaint, Grange alleges that "[t]he amount in controversy exceeds $75,000." [Doc. 1, ¶ 3]. In the underlying action, Maria Harris seeks damages exceeding $1,000,000, *see* [Doc. 1-1, p. 35], and no

---

[1] *See* [Doc. 43, Kielkopf Aff.]; [Doc. 44, M. Martin Decl.]; [Doc. 45, S. Martin Decl.]; [Doc. 46, Maria Harris Decl.].

Defendant has disputed that the amount in controversy in this case meets the jurisdictional threshold set forth in 28 U.S.C. § 1332(a). The Court finds that the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1332(a).

(2) Plaintiff's Citizenship: Grange Insurance Company is incorporated in the State of Ohio and maintains its principal place of business in Ohio. *See* [Doc. 43, Kielkopf Aff., ¶ 4]. For the purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, for those purposes, Grange is "deemed to be a citizen of" Ohio. *Id.; see* [Doc. 43, Kielkopf Aff., ¶ 4].

(3) Defendants' Citizenship:

    a. Mark Martin and Shannon Martin both reside in Bishop, Georgia, and are domiciled in Georgia. *See* [Doc. 44, M. Martin Decl., ¶ 2]; [Doc. 45, S. Martin. Decl.]. Thus, for the purposes of diversity jurisdiction, they are citizens of Georgia.

    b. Classic City Clydesdales, LLC is wholly owned by its sole member, Mark Martin. [Doc. 44, M. Martin. Decl., ¶ 3]. For the purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305

(11th Cir. 2011). Thus, for those purposes, Classic City Clydesdales is a citizen of Georgia as well.

c. Defendant Maria Harris resides in Dekalb County, Georgia, and is domiciled in the State of Georgia. [Doc. 46-1, Harris Decl., ¶ 3]. Thus, for the purposes of diversity jurisdiction, Harris is also a citizen of Georgia.

(4) Complete Diversity: The Court finds that the parties to this action are completely diverse. Section 1332's second prong—the "diversity of citizenship" requirement—demands complete diversity. *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing 28 U.S.C. § 1332(a)(1)). In other words, "every plaintiff must be diverse from every defendant." *Id*. Grange, a citizen of Ohio, is diverse from every Defendant, all of whom are citizens of Georgia. Thus, the complete diversity requirement is met.

Because the Court finds that (1) the amount in controversy exceeds the jurisdictional threshold and (2) the parties are completely diverse, *see* 28 U.S.C. § 1332(a); *Triggs*, 154 F.3d at 1287, the Court concludes that diversity jurisdiction existed at the time this action was filed. Therefore, this action falls within the limits of this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(a).

Accordingly, the Court **FINDS** that it has subject matter jurisdiction over this action and **DIRECTS** the Clerk of Court to return the record, as supplemented, to the

Eleventh Circuit Court of Appeals.

**SO ORDERED**, this 28th day of February, 2025.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**